FILED
CLERK, U.S. DISTRICT COURT
4/1/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARK JAMES URIAS,<br><br>　　　　Defendant. | CR 2:22-cr-00123-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1704: Unlawful Possession of a Counterfeit Postal Key; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. §§ 981, 982, and 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Citibank, N.A. ("Citibank") was a financial institution insured by the Federal Deposit Insurance Corporation.

2. Victim D.G. had a Citibank credit card in her name (the "D.G. Citibank credit card").

B.  THE SCHEME TO DEFRAUD

3. Beginning on a date unknown to the Grand Jury, but no later than on or about December 7, 2020, and continuing through at least on or about December 18, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARK JAMES URIAS, knowingly and with intent to defraud, devised and executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of Citibank by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

   a. Defendant URIAS would steal mail, including using counterfeit postal arrow keys, to obtain credit cards and other personal identifying information ("PII"), including the D.G. Citibank credit card.

   b. Defendant URIAS would use the stolen credit cards and PII, including the D.G. Citibank credit card, to make fraudulent purchases without permission or authorization from the card account holders.  In doing so, defendant URIAS falsely represented that he

was the account holder and was otherwise an authorized user of the credit card account, and concealed that the purchases defendant URIAS made with the credit cards were made without any authorized user's consent.

C.  EXECUTION OF THE FRAUDULENT SCHEME

5.  On or about December 7, 2020, in Los Angeles County, within the Central District of California, defendant URIAS used the D.G. Citibank credit card to make a purchase for $318.26 from a Home Depot in Palmdale, California, which constituted an execution of the fraudulent scheme.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

On or about December 7, 2020, in Los Angeles County, within the Central District of California, defendant MARK JAMES URIAS knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant URIAS knew belonged to another person, namely, the name of victim D.G. and a credit account number belonging to victim D.G., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 1029(a)(3)]

On or about December 18, 2020, in Los Angeles County, within the Central District of California, defendant MARK JAMES URIAS, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 39 debit, credit, and bank account numbers and 8 social security numbers, all belonging to persons other than defendant URIAS, with said possession affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. § 1028A(a)(1)]

On or about December 18, 2020, in Los Angeles County, within the Central District of California, defendant MARK JAMES URIAS knowingly possessed, without lawful authority, means of identification that defendant URIAS knew belonged to another person, namely, the name and address of victim K.M., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Three of this Indictment.

COUNT FIVE

[18 U.S.C. § 1704]

On or about December 18, 2020, in Los Angeles County, within the Central District of California, defendant MARK JAMES URIAS knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit or delivery of mail matter, namely, a counterfeit Postal Service "arrow" key.

COUNT SIX

[18 U.S.C. § 1708]

On or about December 18, 2020, in Los Angeles County, within the Central District of California, defendant MARK JAMES URIAS unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 141 pieces of mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendant URIAS knew said mail and mail matter were stolen.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in either of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in either of Counts Three or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ANDREW M. ROACH
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section